**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DONALD EUGENE LANE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:05-0072** |
| | ) | **Judge Nixon** |
| **v.** | ) | **Magistrate Judge Bryant** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Pending before the Court is Plaintiff's Motion for Judgment on the Administrative Record

("Motion") (Doc. No. 13), filed with an accompanying Memorandum in Support (Doc. No. 14),

to which Defendant has filed a Response in Opposition (Doc. No. 19) and Plaintiff has filed a

Reply (Doc. No. 20). Magistrate Judge Bryant has issued a Report and Recommendation (Doc.

No. 22) that Plaintiff's Motion for reversal of the decision of the Commissioner of Social Security

("Commissioner") and an award of benefits be denied, but that the cause be remanded on the

Court's own motion for further administrative proceedings, pursuant to the sixth sentence of 42

U.S.C. § 405(g). Neither party has filed a Response to the Magistrate's Report and

Recommendation.

Plaintiff moves the Court to reverse the final decision of the Commissioner, denying

Plaintiff disability insurance benefits ("DIB") and supplemental security income ("SSI"), or

alternatively, remand this matter pursuant to 42 U.S.C. § 405(g). Among the errors Plaintiff

alleges is the Administrative Law Judge's ("ALJ") failure to find him presumptively disabled

pursuant to § 4.12(A) of the Listing Impairments, describing peripheral arterial disease.

-1-

Plaintiff's sole support for the error he alleges is his cite to the medical evidence submitted by Dr. Brian Gerndt ("Dr. Gerndt"), a vascular surgeon who diagnosed Plaintiff with "significant peripheral vascular disease" with "pain, numbness, and claudication after walking a very short distance, and requiring femoral bypass grafting surgery rather than angioplasty and placement of a stent." (Tr. 268-288).

Defendant moves the Court to affirm the Commissioner's determination that Plaintiff is not disabled because substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled within the meaning of the Social Security Act ("Act"). As to the aforementioned alleged error, Defendant defends the ALJ's finding of no listing-impairment, asserting that Dr. Gerndt's findings fall short of satisfying all the criteria of § 4.12(A).[1]

In the Magistrate's Report and Recommendation, Judge Bryant states that it is within the ALJ's province to review, consider and rule upon Plaintiff's satisfaction of relevant listings based on the medical evidence before him. In light of that standard, the Magistrate concluded that although neither party raised the following issue, the record reveals that the ALJ, with some degree of justification,[2] failed to review the evidence submitted by Dr. Gerndt, and thus, did not consider the possibility of Plaintiff's disability pursuant to § 4.12(A). Accordingly, the Magistrate recommends that remand is appropriate in the above-captioned case, so that the ALJ may consider Dr. Gerndt's evidence, take additional evidence as he deems necessary, and proceed further pursuant to § 405(g).[3]

---

[1] Plaintiff's Reply Brief and the Magistrate's Report and Recommendation note that the Government actually addressed the criteria in § 4.12(B), rather than § 4.12(A).

[2] The Report and Recommendation discusses in length why the Magistrate believes there is some degree of justification for why the ALJ failed to review Dr. Gerndt's evidence. See Doc. No. 22 at 5-8.

[3] The Report and Recommendation discusses in detail the basis for remand pursuant to the sixth sentence of § 405(g). Id. at 8-11.

Case 2:05-cv-00072   Document 23   Filed 04/05/07   Page 2 of 3 PageID #: 101

After review of the parties' pending pleadings and the Magistrate's Report and Recommendation, the Court hereby **DENIES** Plaintiff's Motion for Judgment on the Administrative Record, but also **REMANDS** the instant action pursuant to sentence six of 42 U.S.C. § 405(g) for further administrative proceedings as described in the Report and Recommendation. This Order terminates this Court's jurisdiction over the above-styled action, and the case is **DISMISSED**.

It is so ORDERED.

Entered this the _____5_____ day of _____April_____, 2007.


JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

-3-